UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| KATHLEEN MILLER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 05-30117-KPN |
| VERIZON COMMUNICATIONS, INC., | ) ) ) | |
| Defendant. | ) ) | |

## DEFENDANT'S PARTIAL ANSWER TO PLAINTIFF'S COMPLAINT

1. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Plaintiff's Complaint and, therefore, calls upon Plaintiff to prove same.

2. The Defendant admits the allegations contained in paragraph 2 of the Plaintiff's Complaint.

3. The allegations set forth in paragraph 3 of the Plaintiff's Complaint contain legal conclusions to which the Defendant need not reply. In the event that these allegations are construed to require a response, the Defendant denies that this court has jurisdiction pursuant to 28 U.S.C. § 1332 based upon the allegations in the Complaint. The Defendant admits that the Plaintiff has attempted to assert claims pursuant to the Americans with Disabilities Act and the Rehabilitation Act, for which this court has original jurisdiction pursuant to 28 U.S.C. § 1331.

4. The Defendant admits the allegations contained in paragraph 4 of the Plaintiff's Complaint.

5. The Defendant admits that from time to time Plaintiff received increases in wages, which is a bargained term of employment. The Defendant denies any and all remaining allegations set forth in paragraph 5 of the Plaintiff's Complaint.

6. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the date of her diagnosis, and, therefore, calls upon Plaintiff to prove same. The Defendant admits that Plaintiff sought leave in or about February of 2000 due to her diagnosis with diabetes.

7. The Defendant admits the allegations contained in paragraph 7 of the Plaintiff's Complaint.

8. The Defendant denies the allegations set forth in paragraph 8 of the Plaintiff's Complaint.

9. The Defendant denies the allegations set forth in paragraph 9 of the Plaintiff's Complaint.

10. The Defendant is without knowledge or information sufficient to form a belief as to Plaintiff's subjective belief about her ability to perform the essential functions of her job, and, therefore, calls upon Plaintiff to prove same. The Defendant denies that Plaintiff was able to perform the essential functions of her job or that she requested a reasonable accommodation which would have permitted her to perform the essential functions of her job.

11. The Defendant admits that Plaintiff was not permitted to use personal and vacation days because such leave was not permitted.

12. The Defendant denies the allegations set forth in paragraph 12 of the Plaintiff's Complaint.

13. The Defendant is without knowledge or information sufficient to form a belief as to her subjective belief about statements allegedly made to her, and, therefore, calls upon Plaintiff to prove same. The Defendant denies that its management made any statements to Plaintiff indicating that her requests for leave for her alleged disability upset them.

14. The Defendant is without knowledge or information sufficient to form a belief as to Plaintiff's subjective belief about the Defendant's alleged retaliation, and, therefore, calls upon Plaintiff to prove same. The Defendant denies that it retaliated against the Plaintiff in any manner due to her alleged disability.

15. The Defendant admits that the Plaintiff was terminated for poor attendance in violation of the Defendant's policies. The Defendant denies that the Plaintiff was denied a reasonable accommodation for her alleged disability.

16. The Defendant is without knowledge or information sufficient to form a belief as to Plaintiff's subjective belief about the Defendant's alleged violations of Mass. Gen. Laws ch. 151B, the Americans with Disabilities Act and the Rehabilitation Act of 1973, and, therefore, calls upon Plaintiff to prove same. The Defendant denies that it violated Mass. Gen. Laws ch. 151B, the Americans with Disabilities Act or the Rehabilitation Act of 1973. The Defendant admits that the Plaintiff filed a Charge of Discrimination with the MCAD. The Defendant denies any and all remaining allegations set forth in paragraph 16 of the Plaintiff's Complaint.

## COUNT I – MASS. GEN. LAWS CH. 151B – HANDICAP DISCRIMINATION

17. The Defendant repeats and reavers fully herein its answers to all preceding paragraphs of Plaintiff's Complaint as if each were set forth here in its entirety.

18. The Defendant denies the allegations set forth in paragraph 18 of the Plaintiff's Complaint.

19. The Defendant denies the allegations set forth in paragraph 19 of the Plaintiff's Complaint.

20. The Defendant denies the allegations set forth in paragraph 20 of the Plaintiff's Complaint.

Wherefore, the Defendant denies that the Plaintiff is entitled to any relief whatsoever as to this Defendant and requests that judgment enter on the Defendant's behalf, together with interest and costs.

## COUNT II - MASS. GEN. LAWS CH. 151B – HANDICAP RETALIATION

21. The Defendant repeats and reavers fully herein its answers to all preceding paragraphs of Plaintiff's Complaint as if each were set forth here in its entirety.

22. The Defendant denies the allegations set forth in paragraph 22 of the Plaintiff's Complaint.

23. The Defendant denies the allegations set forth in paragraph 23 of the Plaintiff's Complaint.

24. The Defendant denies the allegations set forth in paragraph 24 of the Plaintiff's Complaint.

Wherefore, the Defendant denies that the Plaintiff is entitled to any relief whatsoever as to this Defendant and requests that judgment enter on the Defendant's behalf, together with interest and costs.

## COUNT III – AMERICANS WITH DISABILITIES ACT – DISCRIMINATION

25. The Defendant repeats and reavers fully herein its answers to all preceding paragraphs of Plaintiff's Complaint as if each were set forth here in its entirety.

26. The Defendant denies the allegations set forth in paragraph 26 of the Plaintiff's Complaint.

27. The Defendant denies the allegations set forth in paragraph 27 of the Plaintiff's Complaint.

28. The Defendant denies the allegations set forth in paragraph 28 of the Plaintiff's Complaint.

29. The Defendant denies the allegations set forth in paragraph 29 of the Plaintiff's Complaint.

30. The Defendant denies the allegations set forth in paragraph 30 of the Plaintiff's Complaint.

31. The Defendant denies the allegations set forth in paragraph 31 of the Plaintiff's Complaint.

32. The Defendant denies the allegations set forth in paragraph 32 of the Plaintiff's Complaint.

Wherefore, the Defendant denies that the Plaintiff is entitled to any relief whatsoever as to this Defendant and requests that judgment enter on the Defendant's behalf, together with interest and costs.

### COUNT IV– AMERICANS WITH DISABILITIES ACT – RETALIATION

33. The Defendant repeats and reavers fully herein its answers to all preceding paragraphs of Plaintiff's Complaint as if each were set forth here in its entirety.

34. The Defendant denies the allegations set forth in paragraph 34 of the Plaintiff's Complaint.

35. The Defendant denies the allegations set forth in paragraph 35 of the Plaintiff's Complaint.

36. The Defendant denies the allegations set forth in paragraph 36 of the Plaintiff's Complaint.

37. The Defendant denies the allegations set forth in paragraph 37 of the Plaintiff's Complaint.

38. The Defendant denies the allegations set forth in paragraph 38 of the Plaintiff's Complaint.

39. The Defendant denies the allegations set forth in paragraph 39 of the Plaintiff's Complaint.

40. The Defendant denies the allegations set forth in paragraph 40 of the Plaintiff's Complaint.

Wherefore, the Defendant denies that the Plaintiff is entitled to any relief whatsoever as to this Defendant and requests that judgment enter on the Defendant's behalf, together with interest and costs.

### COUNT V– REHABILITATION ACT OF 1973 – HANDICAP DISCRIMINATION AND RETALIATION

The Parties have filed a Joint Stipulation of Dismissal, without prejudice, as to Count V, paragraphs 41-47. Therefore, no Answer is due at this time.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Plaintiff has failed to state a claim upon which relief may be granted and, therefore, the Plaintiff's Complaint should be dismissed in its entirety.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff has failed to allege sufficient facts to support her conclusory allegation that she is a "qualified handicapped person" within the meaning of the Americans with Disabilities Act ("ADA") or the Rehabilitation Act of 1973.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff cannot demonstrate that she was capable of performing (or did perform) the essential functions of her position. Specifically, Plaintiff did not comply with the attendance policy of Verizon (both before and after February, 2000) and has admitted that she "was not able to sit or speak on the phone for long periods of time." These are essential functions of her job, specifically listed in her job description and the attendance policy.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff failed to request a reasonable accommodation for her alleged disability.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff did not qualify or was not eligible for leave under the Family and Medical Leave Act.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff was terminated for legitimate, non-discriminatory business reasons (poor attendance in violation of Verizon's attendance policy) and not based upon her alleged disability or any other discriminatory or retaliatory reason. In fact, Plaintiff was treated the same as, or better than, other similarly situated employees. Therefore, the Plaintiff cannot prove a claim for disability discrimination or retaliation.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff did not engage in any protected activity and her termination was not causally related to her disability. Therefore, as a matter of law, her claims for retaliation must fail.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff, by her own acts and omissions, including, but not limited to, her refusal to participate in the Employee Assistance Program and to report to work, is estopped to recover judgment against the Defendant.

**NINETH AFFIRMATIVE DEFENSE**

Defendant reserves the right to assert additional defenses following discovery.

WHEREFORE, the Defendant denies that the Plaintiff is entitled to any relief whatsoever as to the Defendant and requests that judgment enter on the Defendant's behalf, together with interest and costs.

**DEFENDANT DEMANDS A JURY TRIAL ON ALL ISSUES**

Date: July 21, 2005                                VERIZON COMMUNICATIONS, INC.,

                                                   By its attorneys,

                                                   /s/ Windy L. Rosebush_____
                                                   Timothy P. Van Dyck, Esq.,
                                                   Windy L. Rosebush, Esq.,
                                                   EDWARDS & ANGELL, LLP
                                                   101 Federal Street
                                                   Boston, MA 02110
                                                   Tel. (617) 439-4444
                                                   Telecopy (617) 439-4170

**CERTIFICATE OF SERVICE**

    I, Windy L. Rosebush, Esq., hereby certify that on July 21, 2005, I served the above document upon Michael O. Shea, Esq., 451 Main Street, Wilbraham, MA 01095 by filing the same electronically.

                                                            /s/Windy L. Rosebush_____
                                                            Windy L. Rosebush, Esq.