UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

KATHLEEN MILLER,

                    Plaintiff

v.                                                    Civil Action No.: 05-30117-KPN


VERIZON COMMUNICATIONS, INC.,

          Defendant

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION TO COMPEL PRODUCTION OF DOCUMENTS
AND ANSWERS TO INTERROGATORIES**

## I. INTRODUCTION

The Plaintiff in the instant case, Kathleen Miller, has moved to compel the production of

outstanding discovery by the Defendant, Verizon Communications, Inc., pursuant to Fed. R. Civ.

P. 37 and Local Rule 37.1, in a motion filed herewith.  Counsel for the Plaintiff has attempted to

confer with the Defendant's Counsel in an effort to narrow the issues surrounding this

outstanding discovery.

## II. BACKGROUND AND NATURE OF THE CASE

The Plaintiff in the instant case has generally claimed handicap and disability

discrimination and retaliation.  The Plaintiff began her employment with the Defendant in

approximately June of 1998 as a full-time employee with the job title of customer service

representative.  The Plaintiff worked for the Defendant until the termination of her employment,

on or about February 11, 2003.  In or about February of 2000, the Plaintiff was diagnosed with

diabetes and informed the Defendant of this diagnosis.

The Plaintiff took medical leave pursuant to the Family Medical Leave Act ("FMLA"),

and thereafter requested a modified work schedule as a reasonable accommodation with regard

to her symptoms, treatment for referenced medical condition and some time off from work for

further medical treatment.  The Plaintiff was wrongly and illegally denied her requests for

reasonable accommodation.  The Plaintiff also attempted to use her personal and vacation days

and was precluded from doing so.  The Defendant's handbooks appear to provide for time

off for personal and/or medical reasons.  Management personnel of the Defendant made

statements which led the Plaintiff to believe that her requests for leave for her handicap and

disability upset them.  Instead of receiving reasonable accommodations, the Plaintiff's

employment was terminated.

The Plaintiff set forth the following claims in her *Complaint and Jury Demand*

("*Complaint*"): handicap discrimination and retaliation in violation of Massachusetts General

Laws Chapter 151B (Counts I and II respectively); and handicap discrimination and retaliation

pursuant to the Americans With Disabilities Act (Counts III and IV respectively).  The Plaintiff's

*Complaint* also included handicap discrimination and retaliation under the Rehabilitation Act of

1973 (Count V), however, the Parties filed a *Stipulation of Dismissal without Prejudice* as to that

Count on July 21, 2005.

### III. FACTS RELEVANT TO THE DISCOVERY MATTERS TO BE DECIDED

Counsel for Plaintiff served *Plaintiff's First Set of Interrogatories to Defendant* and

*Plaintiff's First Request for Production of Documents to Defendant* to Counsel for the Defendant

on November 9, 2005. *See Exhibit 1: November 9, 2005 Letter from Michael O. Shea to Windy*

*L. Rosebush* attached to the *Affidavit of Michael O. Shea* which is attached hereto ("*Exh. 1:*

*11/9/05 Letter*").  Counsel for the Parties agreed to extend the deadlines within which the Parties

would need to provide responses to discovery requests, making the Defendant's responses now

due on January 4, 2006. *See Exhibit 2: December 23, 2005 Letter from Anne S. Diebold to Windy L. Rosebush* attached to the *Affidavit of Michael O. Shea* ("*Exh. 2: 12/23/05 Letter*").  The Defendant's Counsel sent discovery responses to Plaintiff's Counsel on January 4, 2006. *See Exhibit 3: January 4, 2006 Letter to Michael O. Shea from Windy L. Rosebush* attached to the *Affidavit of Michael O. Shea* ("*Exh. 3: 1/4/06 Letter*").  Plaintiff's Counsel sent a letter to Defendant's Counsel on February 27, 2006, delineating outstanding discovery issues and requesting a response to these issues so that the Parties might narrow the areas of disagreement, ideally resolving the issues prior to the Plaintiff filing a Motion to Compel. *Exhibit 4: February 27, 2006 Letter from Michael O. Shea to Windy L. Rosebush* attached to the *Affidavit of Michael O. Shea*. ("*Exh. 4: 2/27/06 Letter*").

## IV. <u>THE DISCOVERY MATTERS TO BE DECIDED BY THE COURT</u>

According to the United States Supreme Court, "discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues." <u>Oppenheimer Fund, Inc. v. Sanders</u>, 437 U.S. 340, 351 (1978).  The U.S. Supreme court has also noted that, "liberal discovery rules give plaintiffs broad access to employers' records in an effort to document their claims." <u>Wards Cove Packing Co. v. Atonio</u>, 490 U.S. 642, 657 (1989)(holding that plaintiffs in disparate impact case must show that "the disparity that they complain of is the result of one or more of the employment practices that they are attacking"). Discovery in discrimination cases "should not be narrowly circumscribed." <u>Gomez v. Martin Marietta Corp.</u>, 50 F.3d 1511 (10th Cir. 1995)(citing <u>Rich v. Martin Marietta Corp.</u>, 522 F.2d 333, 343-344 [10[th] Cir. 1975]).

A. <u>Requests for Documents</u>

Several Document Requests remain in dispute, as the following discussion illustrates.

**Request No. 1** sought

> Copies of any and all documents and correspondence relating
> and/or referring to disability and/or handicap discrimination
> claims and/or retaliation claims made and/or filed against the
> Defendant Verizon Communications, Inc. in the last ten years.

The Defendant responded:

> Verizon objects to this Request on the ground that it is overbroad,
> unduly burdensome, and not reasonably calculated to lead to the
> discovery of admissible evidence. Specifically, the Plaintiff has not
> alleged a disparate impact theory of liability, nor is her claim based
> upon an alleged pattern or practice of discriminating against employees
> with alleged disabilities. Rather, Plaintiff's claim is based upon her
> individual termination from Verizon. Other disability claims against
> Verizon, to the extent that they exist and/or are meritorious, are not
> relevant to the Plaintiff's claim. Therefore, this Request exceeds the
> scope of discovery permitted by Fed. R. Civ. P. 26. Verizon further
> objects on the ground that this Request seeks information protected
> from disclosure by the attorney-client privilege and the work product
> doctrine. Without waiving these objections, Verizon responds as follows:
> Verizon has produced copies of all non-privileged documents and
> correspondence relating to or referring to Plaintiff's disability or
> retaliation claims [VER0001-1 224].

The Plaintiff narrowed this Request to the smaller time period of five years and the geographic

location of the Plaintiff's location of employment with Verizon. *Exh. 4*, p. 4.  The Federal Rules

of Civil Procedure do not indicate that the Plaintiff must specify a disparate impact

theory of liability and/or "pattern or practice" theory of liability when alleging violations of the

Americans with Disabilities Act and/or Massachusetts General Laws Chapter 151B.  Rather, the

rules of pleading provide that, "Each averment of a pleading shall be simple, concise, and direct.

No technical forms of pleading or motions are required." Fed.R.Civ.P. 8(e)(1).  The Plaintiff's

allegations of handicap and/or disability discrimination encompass the above-referenced theories

of liability and thus the Plaintiff has properly asked for information with reference to Verizon

employees in Request No. 1. *See e.g., Massachusetts Commission Against Discrimination*

*Guidelines: Employment Discrimination on the Basis of Handicap – Chapter 151B, Section IX.*

*Proving Handicap Discrimination.*

The information sought by way of Request No. 1 is relevant in that it is expected to show a pattern or practice of discrimination and/or retaliation. The Plaintiff has certainly alleged that the Defendant, through its agents, subjected the Plaintiff to adverse employment action based upon discriminatory animus, and claims of discrimination and/or retaliation, especially in the same geographic location as that of the Plaintiff's employment, is expected to provide circumstantial evidence of discriminatory animus.

Courts have allowed plaintiffs' requests for documents related to prior discrimination claims in employment discrimination cases. *See* <u>Marchese v. Secretary</u>, p. 3 (D. E.D.La. 2004), attached to the *Affidavit of Michael O. Shea* as *Exhibit 5* ("*Exh. 5*, p. __")(page numbers refer to the actual pages of the Exhibit). According to the court in <u>Marchese</u>, "[I]t is well established that other claims of discrimination against a defendant are discoverable if limited to the (a) same form of discrimination, (b) the same department or agency where the plaintiff worked, and (c) a reasonable time before and after the discrimination complained of." *Id*. (citing <u>Mitchell v. National R.R. Passenger Corp.</u>, 208 F.R.D. 455, 460 [D.D.C. 2002]).

The <u>Marchese</u> court limited that plaintiff's discovery requests to: personnel who were supervised by a particular individual; the plaintiff's department; and grievances or complaints based on age or gender discrimination and retaliation. *Id*. at 5. Moreover, the court granted the plaintiff's request for information regarding settlements of gender and/or age-related discrimination complaints, finding these to be reasonably calculated to lead to the discovery of admissible evidence. *Id*. at 6. The court stated that, while settlement agreements may not be used to prove liability, "the factual information underlying other claims may be relevant in the instant action on issues such as whether the defendant had the intent to discriminate" and "whether

defendant's antidiscrimination policies were adequate." *Id.* at 7.  The court noted that public policy favors the production of this otherwise private information in discrimination cases, and that privacy concerns can be dealt with through a protective order. *Id.*

A request for production of documents regarding prior age and sex discrimination claims over a four-year period was found to be relevant and reasonably calculated to lead to the discovery of admissible evidence. *See* <u>Owens v. Sprint/United Management Company</u>, pp. 5-6 (D. Kan. 2004) attached to the *Affidavit of Michael O. Shea* as *Exhibit 6* ("*Exh. 6*, p. ___").  Such information, which may show a pattern of discrimination, "is discoverable even when the action seeks only individual relief." *Id.* at 3 (citations omitted).  Furthermore, "When the motive or intent of a defendant employer is at issue, information concerning its conduct towards employees other than the plaintiff is relevant." *Id.* (citing <u>Spulak v. K Mart Corp.</u>, 894 F.2d 1150, 1156 [10th Cir. 1990]).

In <u>Segarra v. Potter</u>, p. 8 (D. N.M. 2004), the court ordered that copies of grievances and/or complaints made over a five-year period with regard to one supervisor must be produced. *See* <u>Segarra v. Potter</u> (D. N.M. 2004), attached to the *Affidavit of Michael O. Shea* as *Exhibit 7* ("*Exh. 7*, p. ___").  Furthermore, the court dispensed with the defendant's objections regarding the document request, finding that the documents sought were relevant or might have led to discoverable evidence, and that even though there might be "hundreds" of such grievances, the defendant failed to show how the production of these grievances was unduly burdensome. *Id.* at 7.  The court noted that the defendant need only produce grievances lodged with regard to two work sites and that the defendant could either produce copies of the grievances or could make such documents available for the plaintiff's review. *Id.*

The Segarra court also found that the production of "EEO complaints" lodged against a particular supervisor and related to the protected categories on which the plaintiff's claims rested, gender discrimination and retaliation, were relevant and not unduly burdensome. *Id.* at p. 8. The court found that, "The fact that [the United States Postal Service] will have to spend a significant amount of time gathering the requested information does not make the request unreasonable." *Id.*

**Request No. 2** sought:

> Copies of any and all documents, correspondence, records and/or video and/or audio tape relating and/or referring to statements relating to disability and/or handicap discrimination claims and/or retaliation claims, made by employees at Verizon Communications, Inc. during the Plaintiff's employment with the Defendant Verizon Communications, Inc. to the present.

The Defendant responded with the same objections as those set forth in response to Request No. 1, and further answered:

> Without waiving these objections, Verizon responds as follows: Verizon has produced copies of all non-privileged documents and correspondence relating and/or referring to Plaintiff's disability and/or handicap discrimination claims and/or retaliation claims [VER0001-1224].

The Plaintiff had already narrowed this Request to the time period of the Plaintiff's employment with Verizon through to the present, and narrowed the Request to the geographic location of her employment. *Exh. 4*, p. 4. Such material relates to discriminatory animus, and as such, is reasonably calculated to lead to the discovery of admissible evidence. The Plaintiff expects that the material requested to show a pattern and/or practice of discrimination and/or retaliation.

**Request No. 9** sought:

> Copies of any and all documentation and correspondence relating and/or referring to the written and/or verbal policies and procedures of the Defendant Verizon Communications, Inc. concerning disability and/or handicap discrimination and/or retaliation in the last ten years.

The Defendant responded:

> Verizon objects to this Request on the grounds that it is overbroad, unduly
> burdensome, and not reasonably calculated to lead to the discovery of
> admissible evidence. Therefore, this Request exceeds the scope of discovery
> permitted by Fed. R. Civ. P. 26. Without waiving these objections, Verizon
> responds as follows: Verizon has produced the following documents in
> response to the Plaintiffs Request:
>
> - Verizon' s Job Brief for the Plaintiffs position [VER0053-0055]**;**
> - Verizon's [Bell Atlantic's] attendance policy, "North Guidelines
>   Attendance – New England" [VER0108-119; VER1161-1178];
> - Verizon New England, Inc./Communications Workers of America's
>   vacation policy [VER0136-138]**;**
> - Verizon's Equal Opportunity & Zero Tolerance Policy [VER1028-10321];
> - Verizon's Code of Business Conduct [VER1033-1123]**; and**
> - Verizon's Disability Benefit Plans [VER1124-1160]**.**

The Plaintiff has narrowed her Request to the time period of her employment to the present.  The

Request is reasonable and relevant, since such documents are expected to show the disparate

application of such policies among Verizon employees, thus revealing discriminatory intent

and/or action taken against the Plaintiff. *See generally* Jackson v. Harvard University, 721

F.Supp. 1397, 1346 (D. Mass. 1989)(analyzing alleged disparate application of tenure

requirement of "creativity" in assessing pretext), *aff'd* Jackson v. Harvard University, 900 F.2d

464 (1st Cir. 1990); Booth v. State of Maryland, 327 F.3d 377, 381-382 (4th Cir.)(noting that

inconsistent enforcement of policies may be evidence of pretext in Title VII claims); Monahan v.

New York City Dept. of Corrections, 214 F.3d 275 (2nd Cir. 2000)(plaintiffs claimed disparate

application of sick leave policy and challenged procedures governing classification and treatment

of "sick leave abusers").

**Request No. 10** sought:

> Copies of any and all documentation and correspondence relating and/or
> referring to the policies and procedures of the Defendant Verizon
> Communications Inc. concerning disability and/or handicap discrimination
> and/or retaliation that applied to the Plaintiff while she was employed with
> the Defendant Verizon Communications, Inc.

The Defendant reiterated its answer to Response No. 9 in answering Response No. 10.  The Defendant's response implies that the listed policies applied to the Plaintiff during her tenure, but fails to state whether other policies existed which applied to the Plaintiff.  For the reasons set forth above with reference to Request No. 9, the Plaintiff is entitled to a complete answer as to which policies applied to her at what point during her tenure at Verizon.  The documents and correspondence sought would reveal whether any changes were made to the Defendant's policies during the Plaintiff's tenure and whether the Plaintiff was aware of any such changes, particularly in how they may have affected the terms of her employment.

**Request No. 12** sought:

> Copies of any and all documentation and correspondence relating and/or referring to employees hired, contracted or otherwise directed by the Defendant Verizon Communications, Inc. to perform work for the Defendant that was in any way similar to and/or the same as any and/or all of the duties performed by the Plaintiff as an employee for the Defendant Verizon Communications Inc., including but not limited to payroll records and the personnel files of all such employees and/or persons in the last five years.

The Defendant responded:

> Verizon objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Specifically, the request seeks all documentation and correspondence relating to all Verizon employees who performed Plaintiff's customer service duties for the last five years. Verizon is a national company with thousands of employees. As such, this Request is unduly burdensome and not likely to lead to the discovery of relevant information. Therefore, this Request exceeds the scope of discovery permitted byFed. R. Civ. P.26. Even assuming Verizon could readily identify these employees, Verizon objects on the ground that this Request seeks personnel and payroll records of employees other than the Plaintiff. This information is protected from disclosure by the privacy statute in Massachusetts, Mass. Gen. Laws ch. 214, § lB. Moreover, personnel records are specifically excluded from the category of documents subject to public disclosure. Mass. Gen. Laws ch. 4, § 7(c). A release of this information by Verizon may constitute a substantial interference with an employees' right to

privacy, and could subject Verizon to liability. Without waiving these objections, Verizon responds as follows: Verizon has produced all non-privileged documents relating to Plaintiffs requests for family and medical leave and disability leave, her attendance record, disciplinary record, grievance record, termination, and MCAD claim, as well as applicable Verizon policies [VER0001-1224].

The Plaintiff has narrowed this Request to the geographic location where the Plaintiff worked.

*Exh. 4*, p. 5.  Information about replacement employees is not only relevant but is central to a plaintiff's claims in a handicap and/or disability discrimination case. *See* Flanigan-Uusitalo v. D.T. Industries, Inc., 190 F. Supp. 2d 105, 114 (D. Mass. 2001)(plaintiff must show that "she was replaced by a non-handicapped person or that the position she had occupied remained open and the employer sought to fill it" as part of her *prima facie* case, citing Dartt v. Browning-Ferris Industries, Inc., 427 Mass. 1, 2 [1998]).  Also, Plaintiff's Counsel has stated that the parties can enter into a suitable confidentiality agreement in order to protect third-party individuals' privacy.

*Exh. 4*, p. 5.

      **Request No. 14** sought:

> Copies of any and all personnel files and time sheets and attendance records and/or similar such documents relating to all employees who were in  the same and/or similar position and/or who handled the same and/or similar job responsibilities as the Plaintiff in the last five years.

The Defendant set forth the same objections as set forth in response to Request No. 12, and without waiving said objections, stated, "Documents relevant to Plaintiffs attendance record have been produced [VER0057-60; VER0064; VER0066; VER0102-106; VER0121-134; VER0282-307; VER0634-983]."

      The Plaintiff has narrowed this Request to the geographic location where she worked.

*Exh. 4*, p. 5.  The Plaintiff's requests for time sheets and attendance records of other similarly-situated employees could not possibly be more relevant to her discrimination claims to the extent

that the Parties' dispute largely involves the issue of medical leave and absenteeism, and such information is expected to lead to evidence of disparate treatment. *See also* discussion of the <u>Marchese</u> case *supra*.

In the case of <u>McCrane v. Marconi Medical Systems, Inc.</u>, pp. 3-4 (D. E.D.Pa. 2002), attached to the *Affidavit of Michael O. Shea* as *Exhibit 8* ("*Exh. 8*, __"), the court ruled that documents related to seven employees' attendance records, and not just time sheets, were relevant to the claims and defenses of the case. In <u>McCrane</u>, the plaintiff claimed that she had been wrongfully terminated because she sought worker's compensation benefits. *Id*. at 2. In response, the defendant alleged that the plaintiff had not shown up for work as scheduled and had a poor attendance record. *Id*. The court ruled that the defendant must provide more than time sheets in response to the plaintiff's requests for "attendance records" and "documents referring to any attendance issues" of these seven employees, as time sheets did not show any disciplinary action that may have been taken against these similarly situated employees. *Id*. at 3.

Personnel files are discoverable in federal question cases, including Title VII actions, despite claims of privilege. <u>Garrett v. City and County of San Francisco</u>, 818 F.2d 1515, n. 6 (9th Cir. 1987)(citing <u>Guerra v. Board of Trustees</u>, 567 F.2d 352 [9[th] Cir. 1977] and <u>Kerr v. United States District Court</u>, 511 F.2d 192, 197 [9[th] Cir. 1975], *aff'd* 426 U.S. 394 [1976]). In <u>Garrett</u>, a black firefighter had moved to compel the production of personnel records of 16 firefighters in an effort to show that the San Francisco Fire Department treated black and white firefighters differently with regard to disciplinary action. *Id*. at 1517. The Fire Department balked at this request, asserting the confidentiality and privilege of such records, and also protesting the production of such documents based on its assertions of third-party privacy. *Id*. The Fire Department pursued and was granted summary judgment by the trial court. *Id*. at 1519. In

reversing the trial court's decision, the Court of Appeals noted that the lower court erred in granting summary judgment before deciding the merits of the plaintiff's pending motion to compel, noting that the plaintiff's motion related to "material [that] is of crucial importance…[and] where the information is likely to be in the sole possession of the opposing party." *Id*. (quoting <u>Patty Precision v. Brown & Sharpe Manufacturing Co.</u>, 742 F.2d 1260, 1264 [10[th] Cir. 1984]).  In the instant case, given the Plaintiff's express willingness to enter into an appropriate confidentiality agreement, the Defendant should produce the requested personnel files.

At the very least, the personnel files should be produced for *in camera* review.  In response to plaintiffs' motions to compel, courts have ordered the production of personnel files for *in camera* review. *See* <u>Atkinson v. Denton Publishing Co.</u>, 84 F.3d 144, 148 (5th Cir. 1996); *accord* <u>Marchese</u>, (*see Exh. 5*, p. 6).  In <u>Atkinson</u>, a case involving a claim of age discrimination, the district court had ordered the production of 59 personnel files, 12 of which related to identified employees and 47 of which related to former employees who were terminated at age 40 or older for *in camera* review. <u>Atkinson</u>, 84 F.3d at 148.  The district court reviewed these records, ordering that the defendant produce one entire file and parts of another file. *Id*.  In finding that the district court did not abuse its discretion, the Court of Appeals found that the bulk of the files requested related to employees who had left or been terminated prior to the tenure of the general manager whose allegedly discriminatory conduct was at issue. *Id*. at 148-150.

Information regarding employees' salaries is also discoverable.  In <u>Scales v. J.C. Bradford and Co.</u>, 925 F.2d 901, 905 (6th Cir. 1991), the court allowed the plaintiff to discover payroll records for "nonpartner employees" who worked in the plaintiff's department for a five-

year period, whereas the district court limited the request to payroll information about

"nonpartner employees" who worked in the plaintiff's department for a three-and-a-half-year

period.  The court noted, "[i]t is well settled that information concerning an employer's general

employment practices is relevant even to a Title VII individual disparate treatment claim." *Id*. at

906 (citing <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 [1973]).

    B. <u>Interrogatories</u>

        **Interrogatory No. 12** asked:

> Please describe in as much detail as possible all written policies and/or
> procedures of the Defendant Verizon Communications, Inc. with regard
> to discrimination based upon handicap and/or handicap discrimination,
> disability and/or disability discrimination, and/or the Family and Medical
> Leave Act which were in place during the time that the Plaintiff was
> employed with the Defendant Verizon Communications, Inc., including in
> your answer when, where and how any such policies and/or procedures
> were posted, and attach any and all such policies and/or procedures to your
> answer.

The Defendant responded:

> Pursuant to Fed. R. Civ. P. 33(d), Verizon refers the Plaintiff to the
> following documents, which were produced by Verizon in response to
> Plaintiff's First Request for Production of Documents:
> - Verizon's Job Brief for the Plaintiff's position [VER00533-00551];
> - Verizon's [Bell Atlantic's] attendance policy, "North Guidelines
>   Attendance – New England" [VER0108-119; VER1161-1178];
> - Verizon New England, Inc/Communications Workers of America's
>   vacation policy [VER0136-138];
> - Verizon's Equal Opportunity & Zero Tolerance Policy [VER1028-10321];
> - Verizon's Code of Business Conduct [VER1033-1123]; and
> - Verizon's Disability Benefit Plans [VER1124-1160].

While the Defendant did refer the Plaintiff to specific policies in its Answer to Interrogatory No.

12, it failed to include, as was requested, *when, where, and how* such policies and/or procedures

were posted.  This information relates to the Plaintiff's claims in that it clarifies which policies

and/or procedures were in place when, thus indicating when these policies and/or procedures

were in effect during a specified period of time and how Verizon employees were to know this

information.

>**Interrogatory No. 13** asked:
>
>>Please describe in as much detail as possible all verbal/oral policies and/or procedures of the Defendant Verizon Communications, Inc. with regard to discrimination based upon handicap and/or handicap discrimination, disability and/or disability discrimination, and/or the Family and Medical Leave Act which were in place during the time that the Plaintiff was employed with the Defendant Verizon Communications, Inc., including in your answer when such policies and/or procedures were in place and how such policies and/or procedures were conveyed to employees of the Defendant.

The Defendant's Answer to Interrogatory No. 13 simply referred the Plaintiff to its Answer to

Interrogatory No. 12, thereby evading the question of whether the Defendant did, in fact, have

any verbal policies or procedures regarding handicap and/or disability discrimination and/or the

FMLA during the Plaintiff's tenure with the Defendant.  The Plaintiff deserves to know exactly

what policies applied to her when, since her claims are those of disability and/or handicap

discrimination and/or retaliation.

>**Interrogatory No. 15** asked:
>
>>Please identify all handicapped and/or disabled employees whose employment was terminated at the location in which the Plaintiff was employed in the last five years versus non-handicapped and/or non-disabled employees terminated in the last five years and state their corresponding names, addresses, telephone numbers, job titles, and reasons given for termination.

The Defendant answered:

>>Verizon objects to this Interrogatory on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Specifically, this Interrogatory seeks all documentation and correspondence relating to the "identity of all… disabled employees whose employment was terminated at the location in which the Plaintiff was employed in the last five years versus…non-disabled employees terminated in the last five years…" Verizon is a national company with thousands of employees. As such, this Interrogatory is unduly burdensome

to lead to the discovery of relevant information. Moreover, the Plaintiff has not alleged a disparate impact theory of liability, nor is her claim based upon an alleged pattern or practice of discriminating against employees with alleged disabilities. Rather, Plaintiff's claim is based upon her individual termination from Verizon. Verizon's termination of other employees (and the reason for those terminations) is irrelevant to the Plaintiffs claim, and not likely to lead to the discovery of admissible evidence. Therefore, this Interrogatory exceeds the scope of discovery permitted by Fed. R. Civ. P. 26. Even assuming Verizon could readily identify all employees it terminated for the last five years who worked in Ms. Miller's location, Verizon objects on the ground that this Interrogatory seeks private personnel information concerning employees other than the Plaintiff. This information is protected from disclosure by the privacy statute in Massachusetts, Mass. Gen. Laws ch. 214, § 1 B. Moreover, personnel records are specifically excluded from the category of documents subject to public disclosure. Mass. Gen. Laws ch. 4, § 7(c). A release of this information by Verizon may constitute a substantial interference with an employees' right to privacy, and could subject Verizon to liability. Verizon further objects on the ground that this Interrogatory seeks information protected from disclosure by the attorney-client privilege and the work product doctrine.

Interrogatory No. 15 was reasonably limited to the location where the Plaintiff worked, not all Verizon employees nationally, for the limited time period of five years. As noted above, the Plaintiff has appropriately alleged claims of disability and/or handicap discrimination and/or retaliation, and such claims incorporate "a disparate treatment" theory of discrimination. In addition and contrary to the Defendant's contention, the Plaintiff has not asked for "all documentation and correspondence" related to the employees referred to in Interrogatory No. 15, but rather has asked for the basic information of "names, addresses, telephone numbers, job titles, and reasons given for termination."

**Interrogatory No. 16** asked:

Please identify all handicapped and/or disabled employees who were subject to adverse action other than the termination of their employment at the location in which the Plaintiff was employed in the last five years versus non-handicapped and/or non-disabled employees subjected to adverse action other than the termination of their employment at the location in which the Plaintiff was employed in the last five years and state their corresponding names, addresses, telephone numbers, job titles, and reasons given for termination.

The Defendant answered:

> Verizon objects to this Interrogatory on the ground that it is overbroad,
> unduly burdensome, and not reasonably calculated to lead to the
> discovery of admissible evidence. Specifically, this Interrogatory seeks
> the identity of "all.. disabled employees who were subject to adverse
> action other than termination of their employment at the location in which
> the Plaintiff was employed in the last five years versus.. non-disabled
> employees.. .in the last five years..." Verizon is a national company with
> thousands of employees. As such, this Interrogatory is unduly burdensome
> and not likely to lead to the discovery of relevant information. Moreover,
> the Plaintiff has not alleged a disparate impact theory of liability, nor is her
> claim based upon an alleged pattern or practice of discriminating against
> employees with alleged disabilities. Rather, Plaintiff's claim is based upon
> her individual termination from Verizon, Verizon's discipline, transfer or
> other actions pertaining to other employees (and the reason for those actions)
> are irrelevant to the Plaintiff's claim, and are not likely to lead to the discovery
> of admissible evidence. Therefore, this Interrogatory exceeds the scope of
> discovery permitted by Fed. R. Civ. P. 26. Even assuming Verizon could
> readily identify all employees "who were subject to adverse action" for the last
> five years who worked in Ms. Miller's location, Verizon objects on the ground
> that this Interrogatory seeks private personnel information concerning
> employees other than the Plaintiff. This information is protected from disclosure
> by the privacy statute in Massachusetts, Mass. Gen. Laws ch. 214, § I B.
> Moreover, personnel records are specifically excluded from the category of
> documents subject to public disclosure. Mass. Gen. Laws ch. 4, § 7(c). A release
> of this information by Verizon may constitute a substantial interference with an
> employees' right to privacy, and could subject Verizon to liability. Verizon
> further objects on the ground that this Interrogatory seeks information protected
> from disclosure by the attorney-client privilege and the work product doctrine.

For the same reasons set forth above with reference to Interrogatory No. 16, the Defendant

should produce the information requested.

**Interrogatory No. 17** asked:

> Please provide the name, if known, the address and telephone number of each
> individual likely to have discoverable information relevant to disputed facts
> alleged with particularity in the pleadings, identifying with specificity the
> information known to them.

The Defendant answered by referring the Plaintiff to its Answer to Interrogatory No. 10. *See*

*Exhibit 9: Defendant's Answer to Plaintiff's Interrogatory No. 10* attached to the *Affidavit of*

*Michael O. Shea*.  Given that the Defendant is under an obligation to seasonably supplement its Answer pursuant to the Federal Rules of Civil Procedure, at this stage the Plaintiff simply asks that the Defendant delineate which of the identified individuals it will accept service of deposition and/or trial subpoenas on behalf of, and for those individuals identified who the Defendant will *not* accept such service, to please provide the Plaintiff with their last known addresses and telephone numbers.

     **Interrogatory No. 18** asked:

> Please describe in detail by name, address, telephone number, job title and job duties, all employees hired, contracted or otherwise directed by the Defendant Verizon Communications, Inc. to perform work for the Defendant Verizon Communications, Inc., after the Plaintiff's termination of employment, which work was in any way similar to any and/or all of the duties performed by the Plaintiff as an employee for the Defendant Verizon Communications, Inc., and attach to your answer all related documents identifying such persons (including but not limited to payroll records and the personnel files of all such employees).

The Defendant answered:

> Verizon objects to this Interrogatory on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Specifically, this Interrogatory seeks the identity of all employees hired by Verizon to perform work similar to the work performed by the Plaintiff after her termination. Verizon is a national company with thousands of employees. As such, this Interrogatory is unduly burdensome and not likely to lead to the discovery of relevant information. Even assuming Verizon could readily identify these employees, Verizon objects on the ground that this Interrogatory seeks private personnel information, including the payroll records and personnel files of employees other than the Plaintiff. This information is protected from disclosure by the privacy statute in Massachusetts, Mass. Gen. Laws ch. 214, § lB. Moreover, personnel records are specifically excluded from the category of documents subject to public disclosure. Mass. Gen. Laws ch. 4, § 7(c). A release of this information by Verizon may constitute a substantial interference with an employees' right to privacy, and could subject Verizon to liability.

For the same reasons set forth above with reference to Request No. 12, the Defendant should produce the requested information.

**Interrogatory No. 20** asked:

> Please identify all handicap and/or disability discrimination and/or retaliation
> claims filed against the Defendant Verizon Communications, Inc. in the last
> ten years, and state:
> a. the name, address, job title and telephone number of each complaining party;
> b. the forum in which each such complaint was filed, including internally with the
> Defendant;
> c. the date of the filing of each such complaint;
> d. the outcome of each such complaint; and
> e. the attorney representing each such complaining party, if applicable.

The Defendant answered:

> Verizon objects to this Interrogatory on the ground that it is overbroad,
> unduly burdensome, and not reasonably calculated to lead to the discovery
> of admissible evidence. Verizon is a national company with thousands of
> employees. Moreover, Plaintiff has not alleged a disparate impact theory of
> liability, nor is her claim based upon an alleged pattern or practice of
> discriminating against employees with alleged disabilities. Rather, Plaintiff's
> claim is based upon her individual termination from Verizon. Other disability
> or retaliation claims against Verizon, to the extent that they exist and/or are
> meritorious, are not relevant to the Plaintiffs claim. Therefore, this
> Interrogatory exceeds the scope of discovery permitted by Fed. it Civ. P.
> 26. Verizon further objects on the ground that this Interrogatory seeks
> information protected from disclosure by the attorney-client privilege and
> the work product doctrine.

The Plaintiff incorporates herein by reference the arguments set forth above with reference to

Request No. 1.

**Interrogatory No. 21** asked:

> Please identify all employees of Verizon Communications Inc. by name
> and job title that were or are considered handicapped and/or disabled, and/or
> physically impaired, and/or to have or have had a medical condition, at the
> location where the Plaintiff was employed in the last ten years, identify the
> respective handicap, disability, physical impairment and/or medical condition,
> and state whether such employees requested an accommodation for their
> respective handicap, disability, physical impairment and/or medical condition,
> identifying any accommodation requested, the date of the request and state
> whether the accommodation was granted.

The Defendant answered:

Verizon objects to this Interrogatory on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Specifically, this Interrogatory seeks the identity of "all employees of Verizon Communications Inc. by name and job title that were or are considered handicapped and/or disabled, and/or physically impaired, and/or to have or have had a medical condition, at the location where the Plaintiff was employed in the last ten years." As such, this Interrogatory is unduly burdensome and not likely to lead to the discovery of relevant information. Verizon is not in a position of identifying which, if any, of the employees who have worked at Ms. Miller's location in the last ten years were regarded as having a disability or otherwise had a medical condition which may qualify them as disabled. Even assuming Verizon could readily identify these employees, Verizon objects on the ground that this Interrogatory seeks private personnel and medical information concerning employees other than the Plaintiff. This information is protected from disclosure by the privacy statute in Massachusetts, Mass. Gen. Laws ch. 214, §113. Moreover, personnel records are specifically excluded from the category of documents subject to public disclosure. Mass. Gen. Laws ch. 4, § 7(c). In addition, to the extent an employee provided medical information to Verizon, it is protected from disclosure by HIPPA. A release of this information by Verizon may constitute a substantial interference with an employees' right to privacy and a violation of HIPPA, and could subject Verizon to liability.

This Interrogatory was limited to the Plaintiff's geographic location of employment, and the Plaintiff further limited it to a five-year period. *Exh. 4,* p. 3. Plaintiff's Counsel asked the Defendant to clarify its contention that it is "not in a position of identifying which, if any, of the employees who have worked at Ms. Miller's location in the last ten years were regarded as having a disability or otherwise had a medical condition which may qualify them as disabled." *Id*. Surely there are employees, such as the Plaintiff, who have identified themselves, on paper or otherwise, as having a handicap and/or disability and/or physical impairment and/or medical condition. At the very least, the Defendant can, and should subject to a confidentiality agreement, identify those employees since such information is relevant and the Defendant is "in a position" to do so.

## V. <u>CONCLUSION</u>

For all of the foregoing reasons, the court should grant the *Plaintiff's Motion to Compel the Production of Documents and Answers to Interrogatories* and the Plaintiff's reasonable Counsel fees, and the Defendant should supplement its responses and answers to the disputed discovery requests accordingly.

The Plaintiff
KATHLEEN MILLER
By Her Attorneys

 /s/ Michael O. Shea                                          Dated: March 10, 2006
MICHAEL O. SHEA, ESQ.
BBO No. 555474
ANNE S. DIEBOLD, ESQ.
BBO No. 657626
Law Office of Michael O. Shea, P.C.
451 Main Street
Wilbraham, MA 01095
Telephone No.: (413) 596-8005
Facsimile No.: (413) 596-8095


<u>Certificate of Service</u>

I, Anne S. Diebold, hereby certify that on this 10th day of March, 2006, the foregoing document was filed through the ECF system and will be sent electronically to the registered Counsel for the Defendant as identified on the Notice of Electronic Filing (NEF),

 /s/ Anne S. Diebold
Anne S. Diebold