UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KATHLEEN MILLER,<br><br>　　　　　　　　Plaintiff<br>v.<br><br><br>VERIZON COMMUNICATIONS, INC.,<br><br>　　　　　　　　Defendant | Civil Action No.: 05-30117-KPN |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND ANSWERS TO INTERROGATORIES**

I. INTRODUCTION

The Plaintiff, Kathleen Miller, pursuant to Local Rule 7.1, hereby opposes the *Defendant's Motion to Strike Plaintiff's Motion to Compel Production of Documents and Answers to Interrogatories* (hereinafter "*Motion to Strike*"). Contrary to the Defendant's assertions, the Plaintiff did comply with Local Rule 37.1 prior to filing her *Motion to Compel*, and therefore the *Motion to Strike* should be denied.

II. ARGUMENT

Before filing any discovery motion, counsel for the moving party must arrange a conference in order to attempt in good faith to narrow the areas of disagreement. Local Rule 37.1; *see also* Hasbro, Inc. v. Serafino, 168 F.R.D. 99, 101 (D. Mass. 1996). Defendant correctly points out in its *Motion to Strike* that it is the Plaintiff's burden to schedule and conduct a Local Rule 37.1 conference. *See* Local Rule 37.1(A). Plaintiff met this burden when, pursuant to Local Rules 7.1 and 37.1, Plaintiff's counsel requested a discovery conference in the form of a letter dated February 27, 2006. *See* February 27, 2006 Letter from Michael O. Shea, Esq. to Windy L.

Rosebush, Esq., attached hereto as Exhibit A (hereinafter "Exhibit A").  The first paragraph of the letter contained a specific request that Defendant's counsel contact the Plaintiff's counsel to schedule a telephonic discovery conference. *Id.* at p. 1.  The letter's closing paragraph requested a written response to the issues set out in the letter, with the express intent of avoiding the need for filing a *Motion to Compel*. *Id.* at p. 5.  The Defendant contends that this represents a contradiction of instructions and states that "such instructions do not comport with the requirements of Local Rule 37.1 because it is the Plaintiff's burden to schedule and conduct a Rule 37.1 conference." *See Motion to Strike*, p. 5.  Rather than contradicting himself, Plaintiff's counsel offered not just one, but two methods by which the discovery disputes at issue could be narrowed or resolved.

      Counsel for the Defendant contends that Plaintiff's counsel "did not comply with the letter or spirit of Local Rule 37.1" when they filed the *Motion to Compel* one hour after Defendant's counsel *sent* an e-mail to Plaintiff's counsel acknowledging the Defendant's intent to respond to the February 27, 2006 letter. *See Motion to Strike*, p. 6.  First, the e-mail referred to was sent on March 10, 2006, a full 10 days after Plaintiff's counsel initiated a discovery conference.  Even excluding Saturday and Sunday from the computation of time in accordance with Fed. R. Civ. P. 6(a), the Defendant was obligated to respond to the request for a discovery conference by March 8, 2006.  Moreover, this e-mail was not received and read by Plaintiff's counsel until the *Motion to Compel* was already in the process of being electronically filed. *See* Affidavit of Anne S. Diebold, attached hereto as Exhibit B.  Therefore, Plaintiff's counsel were in full compliance with both the letter and the spirit of Local Rule 37.1 when they timely filed the *Motion to Compel*. *Cf.* <u>Syrjala v. Total Healthcare Solutions, Inc.,</u> 186 F.R.D. 251 (attorney's premature filing of a protective order in violation of Local Rule 37.1 was egregious in light of

the fact that he communicated his intent to do so by facsimile when he knew that opposing counsel was away from the office for a week's time).  Counsel for Defendant freely admit that they were aware of Plaintiff's counsel's request, in the letter dated February 27, 2006, to schedule a discovery conference, and took 10 days, rather than the seven days permitted by the Fed. R. Civ. P. 6(a) to respond to the request.  In fact, in her e-mail of March 10, 2006, Defendant's counsel did not communicate an intent to *participate* in a discovery conference, only an intent to respond to the February 27, 2006 letter at some later, undetermined date. *See Motion to Strike*, Exhibit N.  In addition, Defendant's counsel's e-mail to Plaintiff's counsel dated March 13, 2006 indicated the former's stance that a discovery conference would not have narrowed the areas of dispute. *Id.* (opining that the Plaintiff was not entitled to the documents sought in her *Motion to Compel*, which motion was based upon the February 27, 2006 letter).

      Plaintiff's Counsel was in strict compliance with Local Rule 37.1 at all times.  Defendant's counsel, on the other hand, admittedly did not comply with either the letter or the spirit of Local Rule 37.1 when she disregarded Plaintiff's counsel's proper request for a telephonic discovery conference.

      Defendant's counsel contends that the failure of Plaintiff's counsel to raise the issue of a discovery conference again during telephone calls and e-mails subsequent to her receipt of the February 27, 2003 letter, indicates a failure of Plaintiff's counsel to meet the burden of scheduling the discovery conference.  However, Local Rule 37.1 states that "it shall be the responsibility of counsel for the moving party to arrange for the conference."  The Plaintiff met this burden in the letter dated February 27, 2006. *See* Exhibit A.  Nothing in Local Rule 37.1 states that the failure of opposing counsel to respond within the seven days mandated by the rule impels the moving party to make repeated attempts to schedule a discovery conference.  Rather,

once the moving party has requested the discovery conference, the burden falls on the opposing party to respond to such a request. *See* Rule 37.1(A). Sub-paragraph (B) of Rule 37.1 specifically states that "if opposing counsel has failed to respond to a request for a discovery conference within the seven day period…a dissatisfied party may file a motion and memorandum." Moreover, Defendant's counsel's admitted failure to respond to Plaintiff's counsel's request for a discovery conference within seven days serves as grounds for sanctions, including automatic allowance of the *Motion to Compel*. *See* Local Rule 37.1(A).

### III.  PURPOSE OF THIS MEMORANDUM

The Plaintiff wishes to address the confusion created by the Defendant's conflation of a *Motion to Strike* with an *Opposition to Plaintiff's Motion to Compel*. The Plaintiff questions the propriety of filing two substantively separate pleadings as one, and clarifies that the within opposition Memorandum solely responds to the *Motion to Strike*. Since, the Plaintiff's *Motion to Compel*, and supporting legal and factual argument, already contains the arguments made for the discovery sought by way of that Motion, there is no need to repeat those same arguments here.

### IV.  CONCLUSION

For all of the foregoing reasons, the Plaintiff respectfully requests that the Court deny the Defendant's *Motion to Strike*.

Respectfully submitted,

The Plaintiff
KATHLEEN MILLER
By Her Attorneys

 /s/ Michael O. Shea                           Dated: April 7, 2006
MICHAEL O. SHEA, ESQ.
BBO No. 555474
ANNE S. DIEBOLD, ESQ.
BBO No. 657626
Law Office of Michael O. Shea, P.C.
451 Main Street
Wilbraham, MA 01095
Telephone No.: (413) 596-8005
Facsimile No.: (413) 596-8095


Certificate of Service

I, Michael O. Shea, hereby certify that on this 7th day of April, 2006, the foregoing document was filed through the ECF system and will be sent electronically to the registered Counsel for the Defendant as identified on the Notice of Electronic Filing (NEF).

                                           /s/ Michael O. Shea
                                          Michael O. Shea

# EXHIBIT A



LAW OFFICE
OF
MICHAEL O. SHEA, P.C.

451 MAIN STREET
WILBRAHAM, MA 01095

TEL: 413.596.8005
FAX: 413.596.8095

February 27, 2006

**SENT VIA FACSIMILE & MAIL**
**FACSIMILE NO. (617)439-4170**
Windy L. Rosebush, Esq.
Edwards & Angell, LLP
101 Federal Street
Boston, MA 02110

Re:  *Miller v. Verizon Communications, Inc.*
     *U.S. District Court-Civil Action No. 05-30117-KPN*

Dear Attorney Rosebush:

I am writing pursuant to Local Rules 7.1 and 37.1 to address a number of outstanding discovery issues that have been raised by the *Defendant's Answers to Interrogatories* and *Defendant's Response to Plaintiff's Requests for Production of Documents*. Please contact me once you have reviewed these issues so that we may schedule a telephonic discovery conference.

### *Defendant's Answers to Interrogatories*

**Interrogatory Nos. 12 and 13**

**Interrogatory No. 12** asked for detailed description of written policies and/or procedures regarding handicap and/or disability discrimination and/or the Family Medical Leave Act (FMLA) which were in place during the Plaintiff's tenure. **Interrogatory No. 13** asked for the same information, however with reference to any verbal policies and/or procedures. While the Defendant did refer the Plaintiff to specific policies in its Answer to Interrogatory No. 12, it failed to include, as was requested, when, where, and how such policies and/or procedures were posted. This information relates to the Plaintiff's claims in that it clarifies which policies and/or procedures were in place when, thus indicating when these policies and/or procedures were in effect during a specified period of time and how Verizon employees were to know this information. Moreover, the Defendant's Answer to Interrogatory No. 13 simply referred the Plaintiff to its Answer to Interrogatory No. 12, thereby evading the question of whether the Defendant did, in fact, have any verbal policies or procedures regarding handicap and/or disability discrimination and/or the FMLA during the Plaintiff's tenure with the Defendant. Therefore, we ask that the Defendant supplement its Answers to Interrogatory Nos. 12 and 13 to provide the above-referenced missing information.

**Interrogatory Nos. 15 and 16**

**Interrogatory Nos. 15 and 16** asked for identifying information about handicapped and/or disabled employees, as well as non-handicapped and/or non-disabled

employees, <u>at the location where the Plaintiff worked</u>, whose employment was terminated (Interrogatory No. 15) or subjected to other adverse action (Interrogatory No. 16) in the last five years and the reasons given for such termination of employment. We address the Defendant's various objections to answering these Interrogatories in turn, as substantially similar objections have been set forth for each Interrogatory.

First, in response to the charge that these Interrogatories are "overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence," the Plaintiff has reasonably limited these Interrogatories to a five-year period and the location where the Plaintiff worked. Thus, the Defendant's objection based on the fact that "Verizon is a national company with thousands of employees" is irrelevant to these Interrogatories, as Interrogatory Nos. 15 and 16 do not ask for information with reference to every Verizon employee nationwide. In addition and contrary to the Defendant's contention, the Plaintiff has not asked for "all documentation and correspondence" related to the employees referred to in Interrogatory Nos. 15 and 16, but rather has asked for the basic information of "names, addresses, telephone numbers, job titles, and reasons given for termination."

As for the Defendant's contention that the Plaintiff "has not alleged a disparate impact theory of liability, nor is her claim based upon an alleged pattern or practice of discriminating against employees with alleged disabilities," it is not clear how the Defendant came to this conclusion. The Federal Rules of Civil Procedure do not indicate that the Plaintiff must specify a disparate impact theory of liability and/or "pattern or practice" theory of liability when alleging violations of the Americans with Disabilities Act and/or Massachusetts General Laws Chapter 151B. Rather, the rules of pleading provide that, "Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required." Fed.R.Civ.P. 8(e)(1). The Plaintiff's allegations of handicap and/or disability discrimination encompass the above-referenced theories of liability and thus the Plaintiff has properly asked for information with reference to Verizon employees in Interrogatory No. 15. *See e.g., Massachusetts Commission Against Discrimination Guidelines: Employment Discrimination on the Basis of Handicap – Chapter 151B, Section IX. Proving Handicap Discrimination.*

As for the Defendant's expressed concern about protecting third parties' privacy with regard to these Interrogatories, we propose that the Parties enter into a mutually-agreeable confidentiality agreement in order that such relevant information be produced while respecting such individuals' privacy concerns.

**Interrogatory No. 17**

**Interrogatory No. 17** asked for known addresses and telephone numbers of individuals' who are likely to have discoverable information. The Defendant answered by referring the Plaintiff to its Answer to Interrogatory No. 10, which provided a list of potential hearing and/or trial witnesses with accompanying general anticipated testimony. Given that the Defendant is under an obligation to seasonably supplement its Answer pursuant to the Federal Rules of Civil Procedure, at this stage we simply ask that the Defendant delineate which of the identified individuals it will accept service of deposition and/or trial subpoenas on behalf of; and for those individuals

identified who the Defendant will <u>not</u> accept such service, to please provide us with their last known addresses and telephone numbers.

**Interrogatory No. 18**

**Interrogatory No. 18** asked for information about employees who assumed the Plaintiff's job duties after the termination of her employment. The Plaintiff is willing to narrow this Interrogatory to the geographic location where the Plaintiff worked. Information about replacement employees is not only relevant but is central to a plaintiff's claims in a handicap and/or disability discrimination case. *See* Flanigan-Uusitalo v. D.T. Industries, Inc., 190 F. Supp. 2d 105, 114 (D. Mass. 2001)(plaintiff must show that "she was replaced by a non-handicapped person or that the position she had occupied remained open and the employer sought to fill it" as part of her *prima facie* case, citing Dartt v. Browning-Ferris Industries, Inc., 427 Mass. 1, 2 [1998]). As noted above, we are entirely willing to enter into a suitable confidentiality agreement on behalf of our Client in order to protect third-party individuals' privacy.

**Interrogatory No. 20**

**Interrogatory No. 20** sought information about handicap and/or disability discrimination claims and/or retaliation claims filed against Verizon in the last ten years. The Plaintiff is willing to narrow this request to a smaller time period of five years and the geographic location of the Plaintiff's location of employment with Verizon. For the same reasons noted above with reference to Interrogatory Nos. 15 and 16, the Defendant's issue with theories of liability is unfounded. The information sought by way of Interrogatory No. 20 is expected to show a pattern or practice of discrimination and/or retaliation and is, especially now, narrowly drawn to elicit such information. The Plaintiff has certainly alleged that the Defendant, through its agents, subjected the Plaintiff to adverse employment action based upon discriminatory animus, and claims of discrimination and/or retaliation, especially in the same geographic location as that of the Plaintiff's employment, is expected to provide circumstantial evidence of discriminatory animus.

**Interrogatory No. 21**

**Interrogatory No. 21** simply sought the names and job titles of Verizon employees, <u>at the Plaintiff's geographic location of employment with Verizon</u>, who were or are considered handicapped and/or disabled and/or physically impaired and/or to have or have had a medical condition, the identity of said handicap and/or disability and/or physical impairment and/or medical condition, whether and when the respective employees requested a reasonable accommodation, and whether the accommodation was granted. The Plaintiff is willing to narrow this request to a five-year period. Please clarify the Defendant's contention that it is "not in a position of identifying which, if any, of the employees who have worked at Ms. Miller's location in the last ten years were regarded as having a disability or otherwise had a medical condition which may qualify them as disabled." Surely there are employees, such as the Plaintiff, who have identified themselves, on paper or otherwise, as having a handicap and/or disability and/or physical impairment and/or medical condition. At the very least, the Defendant can, and should

subject to a confidentiality agreement, identify those employees since such information is relevant and the Defendant is "in a position" to do so.

### *Defendant's Responses to Plaintiff's Document Requests*

**Request No. 1**

**Request No. 1** sought documents related to handicap and/or disability discrimination claims and/or retaliation claims filed against Verizon in the last ten years. The Plaintiff is willing to narrow this request to a smaller time period of five years and the geographic location of the Plaintiff's location of employment with Verizon. For the same reasons noted above with reference to Interrogatory Nos. 15, 16, and 20, the Defendant's issue with theories of liability is unfounded. The information sought by way of Request No. 1 is expected to show a pattern or practice of discrimination and/or retaliation and the Plaintiff has now more narrowly drawn the Request to elicit such information. The Plaintiff has certainly alleged that the Defendant, through its agents, subjected the Plaintiff to adverse employment action based upon discriminatory animus, and claims of discrimination and/or retaliation, especially in the same geographic location as that of the Plaintiff's employment, is expected to provide circumstantial evidence of discriminatory animus.

**Request No. 2**

**Request No. 2** sought documents related to any Verizon employee statements regarding claims of disability and/or handicap discrimination and/or retaliation, during the time period of the Plaintiff's tenure of employment up to the present. In responding, the Defendant referred only to the non-privileged documents which it has produced relating to the Plaintiff. For the same reasons set forth above with reference to **Request No. 1**, these statements are relevant and discoverable, as the Plaintiff expects them to show discriminatory animus. While the Plaintiff has already narrowed this Request to cover the time period of her tenure with Verizon to the present, she is willing to further narrow this request to the location of her employment.

**Request No. 9**

**Request No. 9** sought copies of correspondence and other documents relating or referring to Verizon's written and/or verbal policies and/or procedures regarding disability and/or handicap discrimination and/or retaliation in the last ten years. The Defendant responded by producing copies of certain policies. *See* discussion above regarding **Interrogatory Nos. 12 and 13**. The Plaintiff is willing to narrow this Request to the time period of the Plaintiff's tenure of employment to the present. This Request is reasonable and relevant, as such documents are expected to show the disparate application of such policies among Verizon employees, thus revealing discriminatory intent and/or action taken against the Plaintiff.

**Request No. 10**

In **Request No. 10**, the Plaintiff reasonably requested copies of the same documents referred to in **Request No. 9**, but with reference to those policies and/or procedures which applied to the

Plaintiff during her tenure with Verizon. The Defendant did produce copies of policies in response to the Plaintiff's Request, without stating whether these represented all of the policies and/or procedures which applied to the Plaintiff during her employment with Verizon. The Plaintiff is entitled to, at the very least, copies of all of the policies and procedures regarding disability and/or handicap discrimination and/or retaliation which applied to the Plaintiff during her tenure. Such policies go directly to the heart of the Plaintiff's claims in this case. If the Defendant has in fact produced all such policies and procedures, the Defendant should so indicate in a supplemental response.

**Request No. 12**

**Request No. 12** asked for documents relating to employees who assumed the Plaintiff's job duties after the termination of her employment. The Plaintiff is willing to narrow this Request to the geographic location where the Plaintiff worked. As noted above with reference to **Interrogatory 18**, information about replacement employees is not only relevant but is central to a plaintiff's claims in a handicap and/or disability discrimination case. *See* Flanigan-Uusitalo v. D.T. Industries, Inc., 190 F. Supp. 2d 105, 114 (D. Mass. 2001)(plaintiff must show that "she was replaced by a non-handicapped person or that the position she had occupied remained open and the employer sought to fill it" as part of her *prima facie* case, citing Dartt v. Browning-Ferris Industries, Inc., 427 Mass. 1, 2 [1998]). Also as noted above, we are entirely willing to enter into a suitable confidentiality agreement on behalf of our Client in order to protect third-party individuals' privacy.

**Request No. 14**

**Request No. 14** properly asked for the personnel files, time sheets, attendance records, and other similar documents of all employees who held the same position as the Plaintiff, or who performed the same or similar job responsibilities as the Plaintiff, in the last five years. The Defendant responded by only producing documents "relevant to the Plaintiff's attendance record." The Plaintiff reiterates her request for the above-referenced documents and is willing to narrow this Request to the geographic location where she worked. Such documents clearly relate to the issue of disparate treatment and are therefore discoverable.

Please respond to the above-delineated, outstanding discovery issues in writing within the next two business days so that we may narrow the areas of disagreement and ideally resolve these issues short of the need for the Plaintiff to file a Motion to Compel.

Very truly yours,

*Michael O. Shea*/SS
Michael O. Shea

*cc: File*

# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05-30117-KPN

KATHLEEN MILLER,
        Plaintiff

v.

VERIZON COMMUNICATIONS, INC.,
        Defendant

### AFFIDAVIT OF ANNE S. DIEBOLD

I, Anne S. Diebold, do depose and say as follows:

1. I make this affidavit upon personal knowledge.

2. I am an associate attorney employed by the Law Office of Michael O. Shea, P.C., located at 451 Main Street, Wilbraham, Massachusetts 01095, and I represent the Plaintiff as co-counsel in the above-captioned action.

3. I wish to clarify that on March 10, 2006, I received an e-mail from Windy Rosebush, a copy of which has been attached to *Defendant's Motion to Strike and Opposition to Plaintiff's Motion to Compel* as Exhibit L. I did not know that I had even received this e-mail, let alone read it, until our office was already in the process of electronically filing *Plaintiff's Motion to Compel Production of Documents and Answers to Interrogatories*, as I had been in the process of assembling documents for the electronic filing and did not check my e-mail until after I had finished doing so and said documents were being filed.

Signed under the pains and penalties of perjury this 7th day of April, 2006.

                                                                   /s/ Anne S. Diebold
                                                                   Anne S. Diebold