UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

|  |  |  |
|---|---|---|
| KATHLEEN MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-30117-KPN |
| | ) | |
| VERIZON COMMUNICATIONS INC., | ) | |
| | ) | |
| Defendant. | ) | |

_____)

**DEFENDANT'S MOTION FOR LEAVE TO FILE REPLY TO PLAINTIFF'S
OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant Verizon Communications Inc., by its attorneys, moves this Court, pursuant to Local Rule 7.1(B)(3), for leave to file a brief in reply to Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment.  In further support of its motion, Defendant states:

1.      Plaintiff's opposition raises, for the first time, the argument that Defendant is liable under the Americans With Disabilities Act and Chapter 151B of the Massachusetts General Laws because Defendant allegedly "regarded" Plaintiff as disabled or handicapped.

2.      Plaintiff's opposition also includes a Response to Defendant's Statement of Undisputed Facts which is not in compliance with Local Rule 56.1 and contains numerous misrepresentations of the record.

3.      In the interests of fairness and a full presentation of the issues before the Court, Defendant requests leave to file a reply brief not exceeding five pages.

WHEREFORE, Defendant respectfully requests that the Court grant leave to file a reply brief of no more than five pages, and that the Court accept for filing the reply brief that is attached hereto as Exhibit A.

VERIZON COMMUNICATIONS INC.,
By its attorneys,

/s/ Timothy P. Van Dyck
Timothy P. Van Dyck (BBO #548347)
Windy L. Rosebush (BBO #636962)
EDWARDS ANGELL PALMER & DODGE LLP
111 Huntington Avenue
Boston, MA 02199
(617) 239-0100
(617) 227-4420 (fax)

## LOCAL RULE 7.1 CERTIFICATION

I hereby certify that I have attempted to confer with counsel for the Plaintiff in a good faith effort to resolve or narrow the issues presented by this motion, but have been unable to reach him.

/s/ Timothy P. Van Dyck
Timothy P. Van Dyck (BBO #548347)

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on July 20, 2006, and that there are no non-registered participants.

/s/ Timothy P. Van Dyck
Timothy P. Van Dyck (BBO #548347)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
)
KATHLEEN MILLER,                        )
                                        )
             Plaintiff,                 )
                                        )
v.                                      )          Civil Action No. 05-30117-KPN
                                        )
VERIZON COMMUNICATIONS INC.,            )
                                        )
             Defendant.                 )
_____)

**REPLY BRIEF IN SUPPORT OF**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant Verizon Communications Inc. ("Verizon") has moved for summary judgment on the grounds that Plaintiff Kathleen Miller ("Ms. Miller") is neither "disabled" under the Americans With Disabilities Act nor "handicapped" under Chapter 151B of the Massachusetts General Laws; that she is not a "qualified individual" under either statute; and that the undisputed facts reveal no evidence of discriminatory animus or retaliatory motive.

Ms. Miller filed her Opposition, along with her Response to Defendant's Statement of Undisputed Facts ("Plaintiff's Response"), on July 14, 2006. Most of the arguments that Ms. Miller presents do not merit a reply, and are dealt with adequately in Verizon's opening memorandum. Two points, however, warrant a response. First, Ms. Miller has violated Local Rule 56.1 by submitting a statement of allegedly disputed facts that is far from concise, fails to differentiate between material and immaterial facts, and contains numerous misrepresentations. Second, Ms. Miller has argued incorrectly (and for the first time) that she was a disabled or handicapped individual because Verizon perceived her as such.

## I.     PLAINTIFF'S RESPONSE VIOLATES LOCAL RULE 56.1.

Plaintiff's Response fails to comply with the requirements of Local Rule 56.1, since it does not contain "a *concise* statement of the *material* facts of record as to which it is contended that there exists a genuine issue to be tried." L.R. 56.1 (emphasis added). To begin with, in the section entitled "Additional Material Facts in Dispute of Plaintiff" (beginning on page 17), Ms. Miller sets forth 179 numbered paragraphs of alleged facts in dispute. This entire section simply goes *seriatim* through the various depositions in the case, paraphrasing statements supposedly made in those depositions in the order they appear in the transcripts. Ms. Miller makes no effort to organize these statements topically, to explain their significance, or to differentiate between material and non-material facts.

As but one example, Ms. Miller devotes seven pages to a blow-by-blow recitation of Paul McGovern's deposition testimony, when Mr. McGovern (although he was Verizon's 30(b)(6) designee) was not involved in any of the events in question. Plaintiff's Response, at 21-27. Indeed, many of the paragraphs purporting to describe Mr. McGovern's testimony focus on his inability to recall certain facts (which Ms. Miller repeatedly mischaracterizes as a lack of knowledge of those facts), yet Mr. McGovern's personal recall is irrelevant to any issue before this Court. He was not involved in any of the events in question, but rather conducted Verizon's EEO investigation after Ms. Miller had filed her Charge of Discrimination at the MCAD.

Ms. Miller takes a similar approach when responding to many of the facts that Verizon had set forth in its Statement of Undisputed Facts. In several places, Ms. Miller responds that she does not dispute Verizon's statement, but then seemingly contradicts that response by citing, without explanation, to large ranges of paragraphs elsewhere in her Response. *See, e.g.*, Plaintiff's Response, ¶¶ 33 (referencing "Paragraphs 109-155"); 41 (same); 53 (referencing

BOS_545193_1/BLAMKIN

"Paragraphs 156-287"); 97 (incorporating "Paragraphs 10, 15, 23, 24, 27, 40, 48, 54, 56, 74, 75, 76, 78, 83, 84, and 86").  Additionally, Ms. Miller supports numerous assertions by reference to her recently submitted five-page, single-spaced affidavit, but never cites specific paragraphs or pages of the affidavit as required by L.R. 56.1.  In at least two instances, Ms. Miller even attributes to her affidavit statements that it does not contain.  *See* Plaintiff's Response, ¶¶ 12 (incorrectly citing affidavit for numerous statements about the nature of her job); 95 (incorrectly citing affidavit for false statement that "the Defendant had retroactively characterized her time in the past").  Finally, as set forth in Verizon's Motion to Strike, there are numerous examples of Ms. Miller mischaracterizing deposition testimony.

This approach is hardly "concise," and it would require extensive time and effort to go through each discrete item and determine what is material and what is not.  Ms. Miller's violation of L.R. 56.1 is particularly egregious in light of the fact that Verizon agreed to Ms. Miller's requests for two extensions of time to file her opposition papers, totaling five weeks. The purpose of L.R. 56.1 is to avoid precisely the problems that the Plaintiff's Response has created, and Verizon respectfully submits that the Court should disregard the Plaintiff's Response in its entirety.

## II.     VERIZON DID NOT "REGARD" MS. MILLER AS DISABLED OR HANDICAPPED.

For the first time, Ms. Miller argues that she falls within the protections of the ADA and Chapter 151B because she was "regarded as" disabled.[1]  These statutes most commonly apply to qualified individuals who actually have "a physical or mental impairment which substantially limits one or more major life activities."  42 U.S.C. § 12102(2)(a); G.L. c. 151B, § 1(17)(a).  An

---

[1] Ms. Miller has given no previous indication that she intended to rely on a "regarded as" argument, and her Complaint is devoid of any allegations that Verizon regarded her as disabled within the meaning of the statutes.  For this reason alone, the Court should reject this argument.

individual is also considered "disabled" or "handicapped," however, if she is "regarded as having such an impairment" by her employer.  42 U.S.C. § 12102(2)(c); G.L. c. 151B, § 1(17)(c).

It is not sufficient that an employer regard an employee as having an impairment.  An employee can only state a claim for a "perceived disability" if the employer believed she was substantially limited in a major life activity.  *See Sutton v. United Air Lines, Inc.,* 527 U.S. 471, 489 (1999).  In this case, Ms. Miller claims that Verizon regarded her as substantially limited in the major life activity of working.  *See* Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment ("Opposition"), at 4-7.  To prevail on a "regarded as" claim, therefore, Ms. Miller must be able to show that Verizon believed she was "significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities."  29 C.F.R. § 1630.2(j)(3)(i).  Merely being aware of Ms. Miller's diabetes would not be enough.

Ms. Miller cannot make this showing.  At most, there are facts from which a jury might conclude that Verizon knew Ms. Miller had diabetes and believed that she could not effectively perform the Service Representative job given her history of repeated absences.  There is no evidence, however, that Verizon regarded Ms. Miller as unable to perform a wide range of jobs or an entire class of jobs, nor does Ms. Miller direct the Court to any alleged facts from which such a conclusion reasonably could be drawn.  Simply put, there is no evidence that Verizon regarded Ms. Miller as *unable to work in most jobs,* rather than unable to work *as a Service Representative*.

*Tardie v. Rehabilitation Hospital of Rhode Island*, 168 F.3d 538 (1st Cir. 1999), illustrates this point nicely.  In *Tardie*, the plaintiff's job required her to work between 50 and 70 hours per week.  After the plaintiff developed a heart condition that restricted her to a 40-hour

BOS_545193_1/BLAMKIN

work week, the defendant terminated her employment, arguing that her job could not be performed in only 40 hours per week. *Id.* at 540-41. The court rejected the plaintiff's argument that the defendant had regarded her as disabled, because there was no evidence that the defendant believed she was significantly restricted in working as defined in the statute. The court observed: "[T]he fact that Appellees may have regarded Tardie as unable to work more than 40 hours per week, and thereby unable to perform her *particular* job, does not mean that Appellees regarded her as being substantially limited in the major life activity of working." *Id.* at 542 (emphasis added). Indeed, the court aptly stated that "there are vast employment opportunities available which require only 40-hour work weeks." *Id. See also Lessard v. Osram Sylvania, Inc.,* 175 F.3d 193, 198-99 (1st Cir. 1999) (employer's belief that plaintiff could not perform jobs involving repetitive hand motion did not mean employer regarded plaintiff as substantially limited in working).

Similarly, even if Verizon regarded Ms. Miller as unable to perform her particular Service Representative job, that is a far cry from regarding her as substantially limited in her ability to work more generally. It is only the latter that can give rise to a claim under the ADA or Chapter 151B, and Ms. Miller's inability to make such a showing is fatal to her "perceived disability" claim.

> VERIZON COMMUNICATIONS INC.,
> By its attorneys,
>
> /s/ Timothy P. Van Dyck
> Timothy P. Van Dyck (BBO #548347)
> Windy L. Rosebush (BBO #636962)
> EDWARDS ANGELL PALMER & DODGE LLP
> 111 Huntington Avenue
> Boston, MA 02199
> (617) 239-0100
> (617) 227-4420 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on July 20, 2006, and that there are no non-registered participants.

/s/ Timothy P. Van Dyck
_____
Timothy P. Van Dyck (BBO #548347)

BOS_545193_1/BLAMKIN