UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 05-30117-KPN

KATHLEEN MILLER,
                        Plaintiff

v.

VERIZON COMMUNICATIONS INC.,
                        Defendant

## PLAINTIFF'S SUR-REPLY MEMORANDUM CONCERNING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

NOW COMES the Plaintiff, Kathleen Miller, in the instant case, and files the within Sur-Reply Memorandum concerning Defendant's Motion for Summary Judgment.

**I.     Plaintiff's Rule 56.1 Statement Does Cite To Relevant, Material Facts In Dispute And Is In Compliance.**

The instant case is an extremely fact-intensive case. The Defendant cited to 108 paragraphs in its Rule 56.1 Statement and cited to numerous pages of exhibits in its Rule 56 submission. The Plaintiff responded concisely to the Defendant's Statement by citing to relevant, material and disputed facts in the record in Paragraphs 1 through 108. The Plaintiff added Additional Facts after Paragraph 108 that contain primarily references to the contradictory testimony of key managers.

The Defendant appears to have two main complaints about the Plaintiff's Rule 56.1 Statement ("Plaintiff's Facts"). The Defendant says that Paragraphs 109 through the end of the Plaintiff's Facts (Additional Facts) are not "organized topically" and that the significance of the facts in those Paragraphs is not explained. However, the Plaintiff presented the Additional Facts

primarily as a way to show the inconsistencies among the managers on key points in dispute.

Those points are summarized in the Plaintiff's Opposition Memorandum to the Defendant's

Motion to Strike.

The Plaintiff's position is that given the fact-intensive nature of this case, the Plaintiff's

initial Rule 56.1 filing is in compliance with the Rule.  However, in order to bring added clarity

with respect to the Plaintiff's Additional Facts, the Plaintiff has submitted for the Court's

consideration an Amended Rule 56.1 Response of the Plaintiff, which further categorizes and

further serves to condense the Plaintiff's Additional Facts.  The proposed amendment would not

cause any prejudice to the Defendant since the Plaintiff is not submitting any additional facts or

evidence, but merely attempting to assist the Court in understanding more easily the Plaintiff's

position on summary judgment, particularly with regard to the Plaintiff's Additional Facts.  The

Plaintiff's Responses to Paragraphs 1 through 108 remain the same in the amended pleading, and

the Plaintiff has categorized and further condensed the remaining Paragraphs.  Thus, this

amendment to the Plaintiff's Rule 56.1 Statement only serves to assist the Court in understanding

the Plaintiff's position on summary judgment, and such amendments to pleadings are freely

allowed.  F.R.C.P. Rule 15.  See also, <u>Lewis v. City of Boston</u>, C.A. No.: 00-11548-DPW

(D.Mass. 2002)

**II.     <u>The Plaintiff Was Regarded As Disabled</u>.**

There is ample evidence that the managers of the Defendant believed that the Plaintiff

was significantly restricted.  As noted in the Plaintiff's summary judgment opposition

Memorandum on pages 4 through 7, the Plaintiff was perceived as disabled for several reasons.

Those reasons include the fact that she had debilitating illness and that the Defendant's

management allegedly referred the Plaintiff to the EAP for her chronic medical condition.  This

EAP referral also occurred after the Plaintiff requested several accommodations of management, including a modified work schedule and to use her vacation and personal time for time off for her diabetes-related illnesses.  Thus, the Defendant's managers were more than just "aware" of her diabetic condition; there is ample evidence that they perceived it as significantly restricted from performing a wide class of jobs.

In Footnote 1 of the Plaintiff's Reply Brief (page 3), the Defendant asserts in passing that there was no previous indication that the Plaintiff relied on the "regard as" theory of proving handicap discrimination.  The Defendant cites to no legal authority in Footnote 1.  However, the Plaintiff has properly asserted that the Defendant regarded her as disabled and that the Defendant had ample notice of such a theory. [1]   In her MCAD Charge, the Plaintiff alleged, in relevant part, discrimination based upon handicap and disability.  Being "regarded as" disabled and/or handicapped is encompassed by the very definitions of "disability" and "handicap." *See* 42 U.S.C. § 12102(2); M.G.L. c. 151B, 1(17).  The MCAD requires a concise statement of alleged discriminatory acts, and says nothing about alleging specific theories of discrimination. *See* 804 C.M.R. § 1.10(5)(b).  Significantly, the U.S. Supreme Court has rejected the heightened standard of pleading which would require a plaintiff to specifically plead a "regarded as" theory of discrimination under the ADA. Sanzo v. Uniondale Union Free School District, 225 F.Supp.2d 266, 269 (E.D.N.Y. 2005)(citing Swierkiewicsz v. Sorema N.A., 534 U.S. 506 [2002]).

In the case of Powers v. Grinnell, 915 F.2d 34, 37 n. 2 (1st Cir. 1990) the 1st Circuit rejected the employer's argument that it lacked notice of the breadth of the plaintiff's discrimination claims, finding that the plaintiff had provided ample notice to the defendant that he intended to try more than one theory of age discrimination. *Id*.; *see also* Edwin v. Blenwood

---

[1] The terms "disabled" and "disability" are used herein to refer to the definitions of "disability" under 42 U.S.C. § 12102(2) and "handicap" under M.G.L. c. 151B, § 1(17) as the latter two definitions mirror each other.

Associates, Inc., 9 F.Supp.2d 70, 73 (D.Mass. 1998)(MCAD charge need not be "a blueprint for the litigation to follow…[T]he exact wording of the charge of discrimination need not presage with literary exactitude the judicial pleadings to follow…Rather the critical question is whether the claims come within the scope of the [MCAD] investigation which can reasonably be expected to grow out of the charge of discrimination").

The Plaintiff does not rely on additional claims based upon new facts when she argues at summary judgment the "regarded as" theory of proving handicap discrimination.  Rather, the Plaintiff asserts handicap discrimination claims based upon the same basic facts alleged in both the MCAD Charge and in the Complaint in the instant litigation.

WHEREFORE, the Plaintiff respectfully requests that this Court deny the Defendant's Motion for Summary Judgment.


Respectfully submitted:

The Plaintiff
KATHLEEN MILLER

By:  /s/ Michael O. Shea
        Michael O. Shea, Esq.
        BBO No. 555474
        Law Office Of Michael O. Shea, P.C.
        451 Main Street
        Wilbraham, MA 01095
        Telephone No.: (413)596-8005
        Facsimile No.: (413)596-8095


Dated:  August 2, 2006

<u>Certificate Of Service</u>

     I hereby certify that a true copy of the foregoing Motion was served upon Counsel for the Defendant, Timothy P. Van Dyke, Edwards, Angell, Palmer & Dodge, LLP, 111 Huntington Avenue, Boston, MA 02199, by electronic filing on this 2nd day of August, 2006.


                                      <u>/s/ Michael O. Shea</u>
                                      Michael O. Shea