UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

KATHLEEN MILLER,
                Plaintiff

v.                                 Civil Action No.: 05-30117-KPN

VERIZON COMMUNICATIONS, INC.,
                Defendant

## PLAINTIFF'S REPLY MEMORANDUM CONCERNING PLAINTIFF'S MOTION TO AMEND RULE 56.1 RESPONSE

The Defendant, in its recent Reply Memorandum in Response to the Plaintiff's Opposition to the Defendant's Motion for Summary Judgment, asserts that the Plaintiff did not sufficiently categorize the Plaintiff's Additional Facts (109 to 287) contained in Plaintiff's Response to Defendant's Statement of Undisputed Facts or make them concise enough. In response, the Plaintiff proposed an Amended Response to Defendant's Statement of Undisputed Facts to further condense and categorize the Plaintiff's Additional Facts and to address the Defendant's concerns.

The Defendant now contends, in its Opposition to the Plaintiff's Motion to Amend her Rule 56.1 Response, that the Defendant would somehow be prejudiced by the allowance of the amendment because the renumbering of the Plaintiff's Additional Facts confuses the paragraph references in the Briefs on file with the Court. This is not true at all, particularly since the proposed amendment does not affect the paragraph references in the Defendant's Memorandum in support of its Motion for Summary Judgment or the Plaintiff's Memorandum in Opposition to the Plaintiff's Motion for Summary Judgment. Nor does the amendment affect the

2

paragraph references in the Defendant's Memorandum in support of its Motion to Strike or the Plaintiff's Opposition to said Motion to Strike.

The Plaintiff's Opposition to the Motion to Strike specifically identifies the five or so Paragraphs of the Additional Facts in the Amended Plaintiff's Rule 56.1 Response that the Defendant seeks to strike. Therefore, completely contrary to the Defendant's assertions, there would be no confusion with the allowance of this simple amendment to the Plaintiff's Additional Facts.

Lastly, Defendant's Counsel seems to be suggesting that the Plaintiff, in her proposed Amended Rule 56.1 Response, has added facts and evidence. However, this is untrue. The Plaintiff has not added facts or evidence. Rather, the Plaintiff has simply taken the same Additional Facts and condensed them further and categorized them with headings. The allowance of the amendment would only serve to add clarity to the pleadings and amendments to pleadings. Such amendments are routinely allowed, particularly to assist the Court. Furthermore, the Defendant would not be prejudiced by the allowance of the amendment.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court allow the Plaintiff's Motion to Amend her Rule 56.1 Response.

The Plaintiff
KATHLEEN MILLER

By: /s/ Michael O. Shea          Dated: August 3, 2006
    Michael O. Shea, Esq.
    BBO No. 555474
    Counsel for the Plaintiff
    Law Office Of Michael O. Shea, P.C.
    451 Main Street
    Wilbraham, MA 01095
    Telephone No.: (413)596-8005
    Facsimile No.: (413)596-8095