UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KATHLEEN MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     Civil Action No. 05-30117-KPN |
| | ) |
| VERIZON COMMUNICATIONS INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE ANY EVIDENCE
RELATED TO PLAINTIFF'S PURPORTED LIMITATIONS IN
ANY MAJOR LIFE ACTIVITY OTHER THAN EATING**

Defendant Verizon Communications Inc. (Verizon) moves the Court for an order

precluding plaintiff Kathleen Miller ("Ms. Miller") from offering any testimony or evidence that

would purport to demonstrate any limitations which her diabetes imposed on her ability to

engage in any "major life activity" other than eating.  This Court has already ruled as a matter of

law that no reasonable fact-finder could find that Ms. Miller was "substantially limited" in any

"major life activity" other than eating for the purposes of determining whether she has a

qualifying disability.   (Memorandum and Order with Regard to Defendant's Motion for

Summary Judgment (Document No. 28), "Summ. J. Op.").   Therefore, any testimony or other

evidence, including medical records[1] or testimony from treating health care providers, that

would bear on whether Ms. Miller was limited in other "major life activities" – including, *inter*

*alia*, working, sleeping and basic mobility – is irrelevant to the issues to be tried in this case and

---

[1] The Plaintiff should also be precluded from offering select medical records at trial even as to her alleged eating limitation because the Plaintiff has failed to produce complete, certified copies of her medical records to the Defendant despite repeated requests in discovery and following the status conference on February 22, 2007. Without a complete copy of Plaintiff's medical records, Defendant is not in a position to effectively cross-examine the Plaintiff or challenge her presentation of select medical records with other medical records or documentation which may tend to refute the Plaintiff's alleged disability.

should be excluded on this basis alone.  *See* Fed. R. Evid. 401, 402.  Additionally, even if this evidence had any probative value, its probative value would be substantially outweighed by the danger of jury confusion and unfair prejudice to Verizon.  *See* Fed. R. Evid. 403.

## ARGUMENT

To succeed on her disability discrimination claims under the Americans with Disabilities Act and Mass. Gen. L. ch. 151B, Ms. Miller must prove that she was disabled as that term is defined in the relevant statutes.  In order to so, she must prove that she "(a) [has] a physical or mental impairment that substantially limits one or more of [her] major life activities …, (b) [has] a record of such impairment; or (c) [is] regarded as having such an impairment."  *See* Summ. J. Op. at 7, *quoting* 42 U.S.C. § 12102(2); Mass. Gen. L. ch. 151B, § 1(17).

In opposing Verizon's motion for summary judgment, Ms. Miller claimed that she met the statutory definition of disability because her diabetes "substantially limited" her ability to engage in several "major life activities," including working, sleeping, eating, and basic mobility.  *See* Summ. J. Op. at 8-14.  She proffered evidence by way of affidavit, deposition testimony, and medical records which she claimed demonstrated that there were material disputes of fact as to whether she was indeed "substantially limited" in these areas.  This Court rejected Ms. Miller's contentions that she was "substantially limited" in the "major life activities" of working,[2] sleeping, and basic mobility, concluding as a matter of law that even if all of the facts were taken in the light most favorable to Ms. Miller, there were no genuine disputes of material fact on these issues and no reasonable fact-finder could conclude that she was so limited in those activities that she qualified as "disabled" within the meaning of the applicable statutes.  *See* Summ. J. Op. at 2, 7-13.  The only reason that Ms. Miller's disability discrimination claims survived summary

---

[2] This Court also found as a matter of law that Ms. Miller could not prove that she was disabled because Verizon "regarded" her as being substantially limited in the major life activity of working. *See* Summ. J. Op. at 9-10.

BOS_576351_1.DOC/WCATINO

judgment, "albeit by a slim margin," was because this Court concluded there were material disputes of fact as to whether Ms. Miller was "substantially limited" in the "major life activity" of eating. *See* Summ. J. Op. at 6, 13-14. This was the only "disability" determination that the Court concluded was appropriate for the jury to decide as a question of fact.

Therefore, submission to the jury of any evidence, either in the form of testimony or medical records, in an effort to demonstrate that Ms. Miller's diabetes "substantially limited" her ability to work, sleep, engage in basic mobility activities, or engage in any other "major life activity" other than eating would be of no consequence to the jury's proper disability determination and thus wholly irrelevant to the issues that are appropriate for trial in this case. *See* Fed. R. Evid. 401, 402. Moreover, if such evidence is admitted it would mislead and confuse the jury by suggesting that they could find Ms. Miller disabled on the basis of "major life activity" limitations that this Court has already foreclosed as a matter of law. *See* Fed. R. Evid. 403.[3] Similarly, allowing evidence other than on the purported eating limitation to go to the jury would suggest to the jury that it could find Plaintiff disabled on some other basis, which would be improper. Moreover, requiring Verizon to refute this evidence at trial would unfairly prejudice Verizon, which expended substantial effort to demonstrate in discovery and at the summary judgment stage that other claims of a qualifying disability were insufficient as a matter of law. *See id.*

## CONCLUSION

For the reasons set forth above, and pursuant to Fed. R. Evid. 401, 402, and 403 and this Court's Order (Document No. 28), Verizon respectfully requests that the Court enter an Order

---

[3] Since the Court has already ruled that Ms. Miller may not argue that limitations on these other "major life activities" demonstrate that she is disabled, presentation of evidence on these matters would also lead to undue delay and waste of time since they are irrelevant to the narrow issues this Court has decided are appropriate for trial. *See* Fed. R. Evid. 403.

BOS_576351_1.DOC/WCATINO

precluding Ms. Miller from offering any evidence, either by way of testimony or documentary

evidence, for the purpose of demonstrating that her diabetes imposed limitations on her ability to

engage in any "major life activity" other than eating.

VERIZON COMMUNICATIONS, INC.
By its Attorneys,


 /s/ Windy Rosebush Catino
Timothy P. Van Dyck  (BBO #548347)
Windy Rosebush Catino (BBO #636962)
EDWARDS ANGELL PALMER & DODGE LLP
111 Huntington Avenue
Boston, MA  02199
(617) 239-0100


## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be served electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on March 19, 2007, and that there are no non-registered participants.


/s/ Windy Rosebush Catino
Windy Rosebush Catino (BBO #636962)

BOS_576351_1.DOC/WCATINO